## Deborah KOBELECKI

v.

## Michael KOBELECKI.

### No. 96–439–Appeal.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Brenda F. Rioles, Providence.

John E. McCann, Pawtucket, John D. Lynch, Warwick.

### ORDER

This case came before the Supreme Court on December 3, 1997, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff appeals both an interlocutory decision of the Family Court and that court's grant of Harry Kobelecki's, the defendant's father, motion to intervene.

After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

The defendant, Michael Kobelecki, and the plaintiff, Debra Kobelecki, were married on December 5, 1979. The Kobelecki's union was beset by serious problems including alcohol abuse and their failure to conceive a child. On June 27, 1992, a son Jason was born to the couple via in vitro fertilization of the plaintiff. Following Jason's birth, a dis-

---

agreement began concerning the propriety of a second pregnancy. On July 17, 1993, the plaintiff filed for divorce. The defendant counterclaimed for divorce, and on December 8, 1994, the case came to trial.

During the divorce proceedings, one of the contested issues concerned a large sum of money contributed to the married couple by Harry Kobelecki.[1] Harry Kobelecki had testified that this money was a loan that he made to his son, Michael, and daughter-in-law, Deborah, which allowed them to purchase land upon which to build the marital domicile. The plaintiff contended that the money from Harry Kobelecki was a gift not requiring repayment. At the conclusion of the trial, the trial justice scheduled entry of his decision for February 15, 1995.

On February 14, 1995, one day before the scheduled decision, Harry Kobelecki filed a motion to intervene in the case pursuant to R.Dom.Rel.P. 19 and R.Dom.Rel.P. 24. Through intervention, Harry Kobelecki sought to protect his interest in the alleged loan.

After hearing, the trial justice entered an order granting the motion to intervene. Further, an interlocutory decision pending entry of final judgment was later entered on May 26, 1995. In this interlocutory decision, the trial justice found that the money which Harry Kobelecki had provided to the married couple was a loan. The trial justice also awarded joint custody of the minor child Jason to Michael and Deborah Kobelecki.

On appeal, the plaintiff raises three issues. First, the plaintiff contends that the trial justice abused his discretion in granting Harry Kobelecki's motion to intervene. Second, the plaintiff argues that the trial justice's factual determination that the money which Harry Kobelecki had provided to the married couple was a loan is against the clear weight of the evidence and constitutes an abuse of discretion. Finally, the plaintiff contends that the trial justice's award of joint custody

constituted a clear abuse of discretion. We disagree with each contention.

The first ground for appeal is that the trial justice abused his discretion in granting Harry Kobelecki's motion to intervene. In challenging the trial justice's grant of the motion to intervene, the plaintiff contends it was not timely. While we do not necessarily condone the dramatic timing of this motion, one day before the scheduled decision, we note that intervention at this late stage of the proceedings does not by itself warrant reversal. Timeliness of intervention is to be judged by two criteria: (1) the length of time during which the proposed intervenor has known about his interest in the suit without acting and (2) the harm or prejudice that results to the rights of other parties by delay. Of these two, the latter is the more important consideration.

In this case, we find that no prejudice flowed from the trial justice's grant of Harry Kobelecki's motion to intervene. Harry Kobelecki had already testified, and no further evidence was heard subsequent to his intervention. In fact, the intervention resulted in no furtherance of the proceedings at all. The plaintiff's claim that she was denied discovery is not persuasive because discovery had previously been afforded concerning the alleged loan which was the only issue of importance to which Harry Kobelecki testified. Therefore, no prejudice resulted from the intervention, and no reversal is required.

The second contention on appeal concerns the trial justice's factual determination that the money which Harry Kobelecki provided to the parties was a loan rather than a gift. A trial justice's findings of fact are accorded great weight. In this case, the most that can be said is that the evidence was conflicting as to whether the money provided to the parties by Harry Kobelecki was intended as a gift or as a loan. The trial justice simply found Harry Kobelecki's testimony that the transfer of funds was a loan more credible than the plaintiff's assertion that no repayment was contemplated. Affording this credibility and factual determination the deference it is due. we conclude that the trial justice was

---

1. The exact amount of the loan is currently in dispute but it is approximately $100,000.00 and constitutes the bulk of Harry Kobelecki's life savings.

not clearly wrong in finding that the money which Harry Kobelecki provided to the parties was a loan.

The final contention on appeal is that the trial justice erred in awarding the parties joint custody. Provided that a trial justice considers the best interests of the child, this court will not disturb a discretionary award of child custody. The evidence presented during the trial revealed that the defendant successfully refuted charges of illicit drug use by testing negative on two separate occasions for narcotics. Further, the defendant successfully completed a course on parenting. Therefore, we conclude that the trial justice's award of joint custody was made in consideration of the child's best interest and was not an abuse of discretion.

For these reasons, the plaintiffs appeal is denied and dismissed. The orders appealed from are affirmed, and the papers of this case are remanded to the Family Court.